■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM S. COLE, Appellant.— Order, entered in the Court of General Sessions, New York

County, June 3, 1957, denying, without a hearing, petitioner's application for a writ of error *coram nobis* to vacate a judgment of that court rendered on March 24, 1955 convicting petitioner, after trial, of robbery, first degree and assault, second degree, unanimously reversed, on the law and the facts, and the application remanded for a hearing. Petitioner sought to set aside the conviction on the ground that his retained counsel was insane during the trial and at the time of sentence. In his affidavit, petitioner avers that he was represented by counsel who was mentally and emotionally ill at the time of the trial, and was therefore incapable of rendering adequate and necessary representation to petitioner. Petitioner attempts to support that conclusion by reference to the commitment of petitioner's counsel to a mental institution about six months after the conviction. What is more, petitioner claims that the doctor who was treating the attorney would be able to testify to such counsel's mental and emotional condition during the time of his representation of petitioner. However, as the court pointed out in denying the application, petitioner did not specify in his affidavit any instance of the conduct of counsel at the trial that would indicate some mental incapacity properly to represent petitioner at the trial. There were no papers submitted in opposition to petitioner's application. In view of all the circumstances, this court has concluded that the interests of justice will be served by a hearing to determine whether petitioner's averments are true. The record does not conclusively demonstrate that there is no reasonable probability at all that petitioner's averments are true. In remanding for a hearing, this court in no way expresses any view on the merits or lack of merits of the application. All we decide is that in this case it would be appropriate to have a hearing to give petitioner an opportunity to prove his contentions. Concur — Botein, P. J., Rabin, Valente, Steuer and Witmer, JJ.